PER CURIAM.
Dr. Santo De Jesus Diaz, defendant below, appeals an adverse final judgment in an action for breach of employment contract. We reverse.
Dr. Diaz was hired by the plaintiff, the Dr. Bertram P. Shapiro, P.A., Greater Miami Medical Center (“the employer”). The parties entered into a one-year employment contract for the period September 1, 1988 through August 31, 1989. Under the contract, Diaz received a base salary plus a bonus based on his performance. Diaz completed the first year and was paid his bonus.
The employment contract provided that it would be automatically renewed for a one-year period unless either party gave the other notice of termination prior to June 15, 1989. During the first year, neither party gave such notice of termination.
At the end of the first year, the parties engaged in an effort to renegotiate the terms of the employment contract. The record does not reveal who initiated the renegotiation, but the renegotiation was ultimately unsuccessful. Consequently, five days after the start of the second year, Dr. Diaz resigned.
The employer brought suit for breach of the employment contract. After a bench trial, the employer was granted a judgment for $28,360. This was the amount of the bonus that Dr. Diaz had been paid on August 24, 1989 for his first year’s work.[1] The employer theorized that if in June, 1989 Dr. Diaz had given notice of termination, then the employer never would have paid the year-end bonus in August, 1989. This was the sole item of damage awarded at trial.[2]
We agree with the employee that the employer was not entitled to a return of the bonus earned for the first year’s work. The Restatement (Second) of Agency summarizes the law as follows:
If a principal properly discharges an agent for breach of contract, or the agent wrongfully renounces the employment, the principal is subject to liability to pay to the agent, with a deduction for the loss caused the principal by the breach of contract:
(a) the agreed compensation for services properly rendered for which the compensation is apportioned in the contract, whether or not the agent’s breach is wilful and deliberate; and
(b) the value, not exceeding the agreed ratable compensation, of services properly rendered for which the compensation is not apportioned if, but only if, the agent’s breach is not wilful and deliberate.
*968 Restatement (Second) of Agency § 456 (1958) (emphasis added). The commentary states:
If an agent is paid a salary apportioned to periods of time, or compensation apportioned to the completion of specified items of work, he is entitled to receive the stipulated compensation for periods or items properly completed before his renunciation or discharge. This is true even if, because of unfaithfulness or insubordination, the agent forfeits his compensation for subsequent periods or items.
Id. Comment b. See also Restatement (Second) of Contracts § 240 Comment d & ill. 4 (1981); 6 W. Jaeger, Williston on Contracts § 862, at 101 (3d ed. 1962). See generally Bessman v. Bessman, 214 Kan. 510, 520 P.2d 1210 (1974); 53 Am.Jur.2d Master & Servant § 90 (1970).
In the present case the breach of contract occurred when the employee resigned during the second employment year, without having given advance notice of termination as required under the contract. The first employment year had already ended. Under the employment agreement, the August, 1989 bonus was apportioned to the first year of the employment contract. The employee was entitled to keep the bonus for the services rendered during the first employment year. The final judgment is therefore reversed and the cause remanded with directions to enter judgment for the defendant. The related judgment for costs and prejudgment interest is also reversed. By reason of these rulings, the cross-appeal is moot.
Reversed and remanded with directions to enter judgment for the defendant.

. Dr. Diaz had also been paid an earlier interim bonus during the first year. Because the first bonus was paid prior to June, 1989, the employer made no claim for repayment of the earlier bonus and that payment is not at issue here. The employer claimed only the bonus paid after the June, 1989 date for giving notice of termination.

. The employer had originally asserted other claims for damages but dropped them prior to trial.